J. Richard Downey, Downey and Crocker Law Offices, Franklin, for appellant.

Frederic J. Cowan, Atty. Gen., Frankfort, G. Sidnor Broderson, Simpson Co. Atty., Franklin, for appellee.

Before HOWERTON, C.J., and MILLER and REYNOLDS, JJ.

**Rhyon W. SUTTLE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 88–CA–0329–DG.**

Court of Appeals of Kentucky.

March 31, 1989.

Discretionary Review Denied by Supreme Court Aug. 30, 1989.

MILLER, Judge.

Rhyon W. Suttle appeals his conviction of driving under the influence (DUI), second offense (Kentucky Revised Statutes (KRS) 189A.010(2)(b)) obtained in the Simpson District Court. This was Suttle's first conviction for DUI in Kentucky; however, he had been convicted for DUI in Tennessee within the past five years. Discretionary review was granted to decide whether a DUI conviction obtained in another state within the previous five years is admissible as evidence to enhance a subsequent DUI conviction in Kentucky.

Kentucky Revised Statutes 189A.010 provides, in part, as follows:

OPERATING MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL OR OTHER SUBSTANCE WHICH MAY IMPAIR DRIVING ABILITY PROHIBITED—PENALTIES.—(1) No person shall *operate a motor vehicle anywhere in this state* while under the

influence of alcohol or any other substance which may impair one's driving ability.

(2) Any person who violates the provisions of subsection (1) of this section shall:

(a) For the first offense, be fined not less than two hundred dollars ($200) nor more than five hundred dollars ($500) or be imprisoned in the county jail for not less than forty-eight (48) hours nor more than thirty (30) days or both. Following sentencing, the defendant may apply to the judge for permission to enter a community labor program for not less than two (2) days nor more than thirty (30) days in lieu of fine or imprisonment, or both, provided that his offense does not come within the purview of subsection (4) of this section.

(b) For the second offense within a five (5) year period, be fined not less than three hundred fifty dollars ($350) nor more than five hundred dollars ($500) and shall be imprisoned in the county jail for not less than seven (7) days nor more than six (6) months and, in addition to fine and imprisonment, may be sentenced to community labor for not less than ten (10) days nor more than six (6) months. (emphasis added)

•     •     •     •     •

In our view, enhancement of DUI punishment can only be had by the use of prior DUI convictions obtained in this state. The prohibited activity is driving under the influence in Kentucky. Anyone who engages in this prohibited activity "anywhere in this state" is subject to punishment. KRS 189A.010(2). Multiple violations of this prohibition can result in the enhancement of punishment upon subsequent convictions. In either case, however, the actor must have engaged in the prohibited activity while in this state.

The Commonwealth argues that this interpretation of the statute trivializes DUI convictions from foreign jurisdictions. It is asserted that it is illogical to exclude out-of-state DUI convictions inasmuch as the legislature intended to punish repeat offenders more severely. The Commonwealth argues that regardless of where prior convictions occur, if the second or third offense occurs *in this state*, then enhancement of punishment may be had. This argument may have some merit, but we do not consider our interpretation of KRS 189A.010 unduly narrow. We observe that our general recidivist statute (KRS 532.080) is all-inclusive with respect to prior felony convictions. It specifically includes foreign convictions. KRS 189A.010 is silent with respect to DUI convictions from a sister state and, as such, we believe our interpretation of the subject statute is a fair one. Moreover, we observe that the treatment differs as to DUI among the various states. In addition, we envision a practicable problem in proving foreign misdemeanor convictions where records may not be as carefully maintained as in felony offenses. All of this leads us to the conclusion that a policy of using foreign convictions as a basis for enhancement of punishment under KRS 189A.010 is a matter more appropriately directed to the legislature for debate. After legislative consideration, the judiciary can deal with a specific edict from that branch of government, free from the prophecy required under the statute as written.

For the foregoing reasons, the judgment of the Simpson Circuit Court is reversed.

All concur.